Filed 7/26/16  Modified and certified for publication 8/17/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VANESSA YOUNG,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>REMX, INC., et al.,<br><br>  Defendants and Respondents. | A143786<br><br>(San Francisco County<br>Super. Ct. No. CGC-14-538409) |

In this wage and hour lawsuit, plaintiff Vanessa Young appeals from the trial court's order compelling arbitration of her individual claims, dismissing her class claims, bifurcating her representative claim pursuant to the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.), and staying the PAGA claim pending completion of the arbitration on her individual claims. We conclude the order is nonappealable, and dismiss the appeal.

BACKGROUND

Plaintiff's operative first amended complaint (complaint) alleges that, after her employment with defendants terminated, defendants failed to timely pay her all of her final wages. The complaint asserts, on behalf of plaintiff and a putative class, a cause of action for this failure under Labor Code sections 201 through 203. The complaint also

1

asserts a representative PAGA claim seeking civil penalties on behalf of plaintiff and other aggrieved employees.[1]

Defendants filed a motion to compel individual arbitration, dismiss plaintiff's class claims, and bifurcate and stay the PAGA claim. In support of the motion, defendants submitted an arbitration agreement signed by plaintiff. The arbitration agreement provided any disputes "arising out of or relating to my employment or the termination of my employment" will be submitted to arbitration. The agreement further provided "[a]ny such claims must be submitted on an individual basis only and I hereby waive the right to bring or join any type of collective or class claim in arbitration, in any court, or in any other forum." Defendants conceded in their motion that under *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, the arbitration agreement cannot require plaintiff to waive her representative PAGA claim, and therefore asked the court to bifurcate and stay that claim.

Plaintiff opposed the motion, arguing (1) the arbitration agreement only identifies a nonparty entity called RXOS, and therefore does not extend to disputes with defendants; (2) the agreement is unenforceable; and (3) the agreement is unconscionable. In reply, defendants noted the arbitration agreement, by its terms, applies to plaintiff and her "Employer." Although Employer is not defined in the agreement, defendants argued it is undisputed that they were plaintiff's employer and, in any event, RXOS is a division of defendants. Defendants also argued the agreement was enforceable and not unconscionable.

The trial court granted defendants' motion. The order compelled arbitration of plaintiff's individual claim, dismissed the class claims, bifurcated the representative

---

[1] "Under PAGA, 'an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. [Citation.] Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the "aggrieved employees." ' " (*Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196, 199, fn. 1 (*Miranda*).)

PAGA claim, and stayed the PAGA claim pending the completion of arbitration. This appeal followed.

DISCUSSION

" 'Orders granting motions to compel arbitration are generally not immediately appealable.' " (*Miranda, supra,* 241 Cal.App.4th at p. 200.) Plaintiff argues the appealed-from order is nonetheless directly appealable under the "death knell" doctrine. This doctrine " 'provides that an order which allows a plaintiff to pursue individual claims, but prevents the plaintiff from maintaining the claims as a class action, . . . is immediately appealable because it "effectively r[ings] the death knell for the class claims." ' [Citations.] Appealability under the death knell doctrine requires 'an order that (1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered.' " (*Ibid.*) In *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277, 1288, the Court of Appeal concluded that an order upholding a class arbitration waiver and compelling arbitration of individual claims constitutes the death knell of the class litigation.

Although the death knell doctrine is usually discussed in the context of class claims, both class claims and representative PAGA claims "are forms of representative actions, whereby one or more plaintiffs seek recovery on behalf of nonparties. [Citation.] In both types of action, the potential recovery is greater if the claim is brought as a class or representative action than it would be if the plaintiff sought only individual relief. [Citations.] In both, the represented nonparties are bound by any final judgment." (*Miranda, supra,* 241 Cal.App.4th at pp. 200–201.) "The rationale underlying the death knell doctrine—' "that without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his lawsuit to a final judgment and then seek appellate review of an adverse class determination," ' thereby rendering the order 'effectively immunized by circumstance from appellate review' [citation]—applies equally to representative PAGA claims." (*Id.* at p. 201.)

3

We conclude plaintiff's appeal does not fall within the death knell doctrine. As an initial matter, in light of the remaining representative PAGA claim, it appears the order does not " 'amount[] to a de facto final judgment for absent plaintiffs.' " (*Miranda, supra,* 241 Cal.App.4th at p. 200.) Our Supreme Court has "emphasized that orders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell doctrine; only an order that entirely terminates class claims is appealable." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757-758 (*In re Baycol Cases*).) Although the only class claim has been dismissed, the representative PAGA claim remains and plaintiff does not contend there are any putative class members who are not also aggrieved employees for purposes of the PAGA claim. Accordingly, the order does not appear to constitute a de facto final judgment for absent plaintiffs—the putative class members/aggrieved employees under PAGA—because their PAGA claims remain pending.

In any event, because of the remaining PAGA claim, plaintiff has not established the second rationale for the death knell doctrine: that " 'the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no formal final judgment will ever be entered.' " (*Miranda, supra,* at p. 200.) *Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291 (*Munoz*), is instructive. In *Munoz,* the trial court denied class certification in a lawsuit alleging class claims and a representative PAGA claim. (*Id.* at p. 294.) The Court of Appeal found the continued presence of the PAGA claim precluded application of the death knell doctrine: "Given the potential for recovery of significant civil penalties if the PAGA claims are successful, as well as attorney fees and costs, plaintiffs have ample financial incentive to pursue the remaining representative claims under the PAGA and, thereafter, pursue their appeal from the trial court's order

4

denying class certification. Denial of class certification where the PAGA claims remain in the trial court would not have the 'legal effect' of a final judgment." (*Id.* at p. 311.)[2]

Plaintiff argues *Munoz* is distinguishable because she must arbitrate her individual claim before she can pursue her PAGA claim. The focus of the death knell doctrine is whether plaintiff has a sufficient incentive to proceed and here, as in *Munoz*, the PAGA claim provides that incentive. Plaintiff contends the arbitrator may rule against her on her individual claim and her "incentive to pursue PAGA claims [will be] exterminated if the arbitrator decides that [plaintiff's] individual claims have no merit" in light of the narrow scope of review for an arbitration award. Our inquiry, however, looks at the impact of the appealed-from interlocutory order. That a *possible* outcome in a *subsequent* order might eliminate plaintiff's incentive to pursue the PAGA claim does not render the current order appealable.[3]

In her reply brief, plaintiff urges us to treat the appeal as a petition for writ of mandate. " 'The rationale behind the rule making an order compelling arbitration nonappealable is that inasmuch as the order does not resolve all of the issues in controversy, to permit an appeal would delay and defeat the purposes of the arbitration statute.' [Citation.] Thus, writ review of orders directing parties to arbitrate is available only in 'unusual circumstances' or in 'exceptional situations.' [Citations.] [¶] Nevertheless, California courts have held that writ review of orders compelling arbitration is proper in at least two circumstances: (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would

---

[2] In contrast, in *Miranda, supra,* the trial court's order compelling arbitration of the plaintiff's individual PAGA claim and dismissing his representative PAGA claim fell within the death knell doctrine. (*Miranda, supra,* 241 Cal.App.4th at pp. 200–203.)

[3] In any event, if the arbitrator does rule against plaintiff and the ruling has preclusive effect that will defeat plaintiff's PAGA claim, plaintiff could concede or stipulate to this in the trial court and thereby quickly obtain an appealable final judgment. (See *In re Baycol Cases, supra,* 51 Cal.4th at p. 760 [death knell doctrine does not apply where "[n]o risk arose that the named plaintiff . . . might fail to press on until the entry of an appealable final judgment"].)

5

appear to be unduly time consuming or expensive." (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160 (*Zembsch*).)

Plaintiff argues the first circumstance is present here because the challenged order compels plaintiff "to arbitrate her issues with parties not even identified in the [arbitration agreement]." While expressing no opinion on the ultimate merits of plaintiff's challenge, we do not find plaintiff's claims "fall *clearly* outside the scope of the arbitration agreement." (*Zembsch,* at p. 160, italics added.) Plaintiff next contends the second circumstance applies because of "the high cost of arbitrating . . . and the amount of time necessary to complete arbitration." Plaintiff has provided no support for her claim that she will be subject to undue expense in the arbitration.[4] Plaintiff has also failed to explain why the arbitration would be unduly time consuming. As writ relief is available only in extraordinary circumstances, the fact that the arbitration will take time is not sufficient. We find no extraordinary circumstances warranting writ review.

DISPOSITION

The appeal is dismissed. Defendants are awarded their costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

---

[4] Indeed, as defendants argued below, it appears that under the arbitration rules specified in the arbitration agreement, the employer pays the arbitrator's fees and expenses and the employee pays only a $200 filing fee.

Filed 8/17/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| VANESSA YOUNG,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>REMX, INC., et al.,<br><br>    Defendants and Respondents. | A143786<br><br>(San Francisco County<br>Super. Ct. No. CGC-14-538409)<br><br>**ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION**<br><br>**[NO CHANGE IN JUDGMENT]** |


THE COURT:

It is ordered that the opinion filed herein on July 26, 2016, be modified as follows:

(1) On page 1, replace the last sentence of the first paragraph with the following: "We conclude the order is nonappealable because we reject appellant's argument that the "death knell" doctrine applies in these circumstances.  The appeal is dismissed."

(2) On page 3, in the second sentence of the first full paragraph, omit the quotation marks around the phrase "death knell."

The opinion in the above-entitled matter, filed on July 26, 2016, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports.

There is no change in the judgment.


Dated: _____          _____, P. J.


1

Superior Court of the City and County of San Francisco, No. CGC-14-538409, Hon. Marla Miller, Judge.

Setareh Law Group, Shaun Setareh, Tuvia Korobkin, and Farrah Grant, for Plaintiff and Appellant.

Seyfarth Shaw, Timothy L. Hix, Andrew M. McNaught, Daniel C. Whang, and Tamara Fisher, for Defendant and Respondent.