Filed 10/4/22 Siguenza v. 24 Carrots CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PRISCILLA SIGUENZA, | |
| Plaintiff and Appellant, | G060388 |
| v. | (Super. Ct. No. 30-2020-01160884) |
| 24 CARROTS, LLC, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Glenda A. Sanders, Judge. Motion to dismiss appeal. Granted. Appeal dismissed.

Protection Law Group, Heather Davis, Amir Nayebdadash and Priscilla Gamino for Plaintiff and Appellant.

Law Office of Brian R. Weilbacher, Brian R. Weilbacher; Ferguson Case Orr Paterson and John A. Hribar for Defendants and Respondents.

\*  \*  \*

Plaintiff Priscilla Siguenza sued her former employer for various violations of the Labor Code, asserting individual and class claims in the current action, and claims under the California Private Attorneys General Act (PAGA) in a separate action. Siguenza amended the current action to add a new named plaintiff who also asserts individual and class claims based on the same alleged violations of the Labor Code.

Defendants 24 Carrots, LLC, 24 Carrots Special Events, Inc., and 24 Carrots Catering and Events (collectively defendants) filed a petition to compel arbitration, which the trial court granted. Siguenza appealed from that order.

An order granting a petition to compel arbitration is not an appealable order. This case does not come within the "death knell" exception to the nonappealability rule. The order compelling arbitration of Siguenza's individual claims and dismissal of her class claims is not the death knell of the class's claims because the class's PAGA claims and the newly named plaintiff's individual and class claims are still pending. The appeal from a nonappealable order must be dismissed.

I

FACTUAL AND PROCEDURAL HISTORY

On April 24, 2019, Siguenza applied for a job as a pastry cook with defendants. Pastry chef Margeaux Aragon interviewed Siguenza. In Aragon's presence, Siguenza reviewed, completed, and signed an application packet containing an employee hire sheet, an employment application, and a notice to employee. Siguenza worked for defendants from April through November 2019.

In September 2020, Siguenza sued defendants, on behalf of herself and a class of similarly situated individuals, for violations of the Labor Code and violation of Business and Professions Code section 17200 (the Class Action). In November 2020, Siguenza filed a complaint against defendants individually and on behalf of other aggrieved employees under the California Private Attorneys General Act (the PAGA

Action). The PAGA Action asserts the same alleged Labor Code violations against defendants as those asserted in the Class Action.

Defendants filed a petition to compel arbitration based on Siguenza's written arbitration agreement. Defendants also filed a motion to dismiss Siguenza's class claims.

Before the petition to compel arbitration and the motion to dismiss were heard, Siguenza filed a first amended complaint in the Class Action which added a new named plaintiff, Luis Mendez Noyola. The first amended complaint alleged all the same causes of action against defendants. Noyola brought his claims as an individual and as a representative of the putative class members.

In a minute order dated May 5, 2021, the trial court granted defendants' petition to compel arbitration of Siguenza's individual claims and motion to dismiss Siguenza's class claims, stayed Noyola's individual and class claims, and stayed the PAGA Action. Siguenza filed a notice of appeal.

II

DISCUSSION

"'The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal.'" (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 384.) "An appeal from a judgment or order that is not appealable must be dismissed." (*Ibid.*)

An order granting a petition to compel arbitration is not an appealable order. (*Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 242-243; see Code Civ. Proc., § 1294.) Siguenza does not dispute that the order is not appealable, but argues that this court should nevertheless entertain jurisdiction over it pursuant to the death knell doctrine, which "provides that an order which allows a plaintiff to pursue individual claims, but prevents the plaintiff from maintaining the claims as a class

3

action . . . is immediately appealable because it 'effectively r[ings] the death knell for the class claims.'" (*Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 585-586.) To be appealable under the death knell doctrine (1) the order must be a de facto final judgment for the absent plaintiffs, and (2) a formal final judgment may never be entered because the individual plaintiff's claims are viable but de minimis. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 759 (*Baycol*).)

"[O]rders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell doctrine; only an order that entirely terminates class claims is appealable." (*Baycol, supra*, 51 Cal.4th at pp. 757-758; see *Young v. RemX, Inc.* (2016) 2 Cal.App.5th 630, 635 (*Young*).)

"'The rationale underlying the death knell doctrine—"'that without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his lawsuit to a final judgment and then seek appellate review of an adverse class determination,'" thereby rendering the order "effectively immunized by circumstance from appellate review" [citation]—applies equally to representative PAGA claims.'" (*Young, supra*, 2 Cal.App.5th at p. 634.)

In *Young*, the plaintiff filed a single lawsuit containing individual, class, and representative PAGA claims. (*Young, supra*, 2 Cal.App.5th at p. 633.) The defendant filed a motion to compel arbitration of the individual claims, dismiss the class claims, and bifurcate and stay the PAGA claim; the trial court granted the motion and the plaintiff appealed. (*Id.* at pp. 633-634.) The appellate court dismissed the plaintiff's appeal, holding that the death knell doctrine did not apply. (*Id.* at p. 633.) The court held that there was no de facto final judgment against the absent class members despite the dismissal of the class claims because the PAGA claim remained alive, although stayed. (*Id.* at p. 635.) Further, the existence of the PAGA claim obviated the risk that the de minimis nature of the plaintiff's individual claims would prevent a formal final judgment

4

from being entered. (*Ibid.*) Therefore, the case failed both prongs of the death knell doctrine test.

The only difference between the facts of the present case and those of *Young* is that the PAGA claim here is part of a separate lawsuit, not part of the same lawsuit. But the practical effect of this difference is nil. In either instance, the PAGA claim is stayed awaiting resolution of the individual arbitrable claims, and in neither has the death knell rung on the representative claims. Further, because the individual and representative class claims of a separate named plaintiff are stayed, the claims themselves are not subject to the death knell doctrine.

In the present case, as in *Young*, the PAGA claim remains but is stayed. Additionally, in this case another named plaintiff has been added to the case, and his individual and class claims remain stayed before the trial court. Under these circumstances there is even less likelihood that a formal final judgment will not be entered on the class's claims.

Siguenza relies on *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277 (*Franco*). In *Franco*, the trial court found a class action waiver in the parties' contract to be enforceable, ordered the plaintiff to arbitrate his claims individually, and dismissed the civil case in its entirety. (*Id.* at pp. 1285, 1288.) The appellate court held that this was "the 'death knell' of class litigation through arbitration." (*Id.* at p. 1288.) *Franco* differs from the current case because the trial court in that case dismissed all class claims and a representative PAGA claim. Here, while the class claims Siguenza sought to represent have been dismissed, the PAGA claims and plaintiff Noyola's individual and class claims have all been stayed, not dismissed.

*Elijahjuan v. Superior Court* (2012) 210 Cal.App.4th 15, 19, found *Franco* "distinguishable from this case because the order compelling arbitration in *Franco* terminated all class claims. The *Franco* court 'effectively limit[ed] the arbitration to [the] plaintiff's claims.' [Citation.] In contrast, here the court stayed litigation on the

5

alleged violations of the Unfair Business Practices Act. The court therefore did not effectively terminate class claims, a prerequisite for the death knell doctrine. As *Baycol*, *supra*, 51 Cal.4th at pages 757-758 explained: 'Orders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell doctrine; only an order that entirely terminates class claims is appealable.'" *Elijahjuan* is on point with the present case.

Defendants argue that this court should not treat Siguenza's appeal as a petition for writ of mandate. Siguenza does not request that we save her appeal by treating it as a writ petition. We do not exercise our discretion to treat Siguenza's improper appeal as a petition for writ of mandate.

III

DISPOSITION

The appeal is dismissed. Respondents to recover costs on appeal.

MOORE, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

SANCHEZ, J.

6