Filed 2/7/25  Salon v. New Answernet CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| AURELIO P. SALON III, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> NEW ANSWERNET, INC., et al., <br><br>     Defendants and Respondents. | A166627 <br><br><br> (Sonoma County <br> Super. Ct. No. SCV265731) |

Aurelio Salon III appeals from an order denying certification of a class of approximately 470 employees of New Answernet, Inc., and Energy Choice California, Inc. (collectively defendants), based on allegations defendants failed to provide their employees with proper meal periods.  We dismiss Salon's appeal on the basis it is taken from a nonappealable order.

**BACKGROUND**

Salon worked for defendants as a call center representative from September 2017 to February 2018.  During that time, he claims defendants failed to provide their employees with meal and rest periods, among other things.

In April 2019, Salon filed an action against defendants, alleging class claims for failure to provide meal periods, failure to provide rest periods, failure to pay hourly and overtime wages, failure to provide accurate wage statements, failure to timely pay all final wages, and unfair competition.

1

Salon also sought civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) relative to each of the alleged Labor Code violations on behalf of himself and other current and former aggrieved employees.

In June 2022, Salon filed a motion for class certification. In the motion, he stated the claim for PAGA penalties "need not be certified and will be pursued regardless of whether a class is certified."

The trial court denied the motion for class certification in its entirety on the basis Salon's claims were not conducive to class treatment. The court found that Salon failed to provide sufficient evidence of a plan or practice by defendants that resulted in the alleged wage and hour violations; thus, individualized inquiries would predominate. This appeal followed.

## DISCUSSION

Salon challenges the portion of the denial of certification order relating to his claim for missed meal periods. Relative to this challenge, the parties dispute whether the trial court erred in denying certification of the missed meal period claim. As a preliminary matter, the parties also dispute whether the order is appealable based on the death knell doctrine. We need not reach the merits of the denial of certification order because we conclude the order is not appealable.

Under the one final judgment rule, an appeal in California may generally be taken " ' "only from the final judgment in an entire action." ' " (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) An exception to the rule exists for interlocutory orders denying class certification when such orders have the effect of ringing the " 'death knell' " for the claims of absent class members. (*Id.* at p. 757.) In order for the death knell doctrine to apply, there must be an order that "(1) amounts to a de facto final judgment for

2

absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no formal final judgment will ever be entered . . . ." (*Id.* at p. 759, italics omitted.) "[T]he gist of the death knell doctrine is that the denial of class action certification is the death knell of the action itself, i.e., that without a class, there will not be an action or actions, as is true of cases when the individual plaintiff's recovery is too small to justify pursuing the action." (*Farwell v. Sunset Mesa Property Owners Assn., Inc.* (2008) 163 Cal.App.4th 1545, 1552, italics omitted.)

A number of courts have held that the death knell doctrine does not apply to appeals from orders in actions in which there is a remaining representative PAGA claim. (See, e.g., *Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 311 (*Munoz*) [presence of PAGA claim following denial of class certification precluded application of death knell doctrine]; *Young v. RemX, Inc.* (2016) 2 Cal.App.5th 630, 635 [order compelling arbitration of individual claims, dismissing class claims, and staying PAGA claim nonappealable as it did not entirely terminate all class claims]; *Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 243 (*Nguyen*) [same].) As explained in *Munoz*, plaintiffs have "ample financial incentive" to pursue the remaining representative claim under PAGA given the "potential for recovery of significant civil penalties" if that claim is successful. (*Munoz*, at p. 311.) Such orders would therefore not have the death knell effect of a final judgment for the absent plaintiffs because their PAGA claims would remain pending. (*Young*, at p. 635.)

Based on the foregoing, we conclude that Salon's appeal does not fall within the death knell doctrine because there is a remaining representative PAGA claim that provides him with sufficient incentive to continue pursuing

the action on behalf of the absent aggrieved employees. (See *Munoz, supra*, 238 Cal.App.4th at p. 311.) In fact, Salon himself represented in his motion for class certification that he would "pursue[]" the claim for PAGA penalties "regardless of whether a class is certified." As such, the order denying certification is not appealable because it does not immediately terminate the claims belonging to the class. (See *Nguyen, supra*, 4 Cal.App.5th at p. 243.)

Salon contends his case is distinguishable from *Munoz, supra*, 238 Cal.App.4th 291, because there were 16,000 potential class members in *Munoz* and only 474 potential class members here. As such, he asserts that "the recovery in any PAGA trial is unlikely to be high unlike in *Munoz*." This contention is not well taken.

Generally speaking, the civil penalties available under PAGA are $100 "for each aggrieved employee per pay period" for the initial violation. (Lab. Code, § 2699, subd. (f)(2).) With approximately 474 aggrieved employees, any potential recovery Salon could obtain relative to the PAGA claim could still therefore be significant. Further, PAGA provides for an award of attorney's fees and costs to any plaintiff that prevails on a claim. (*Id.*, subd. (k)(1).) Such a provision would provide further incentive for a plaintiff to continue litigating a PAGA claim.

Salon cites *Allen v. San Diego Convention Center Corp., Inc.* (2022) 86 Cal.App.5th 589 (*Allen*) for the position that there is no categorical rule that the death knell doctrine does not apply simply because a PAGA claim remains in the case. His reliance on this case is misplaced, though, because *Allen* is distinguishable.

In *Allen, supra*, plaintiff—a guest services representative for the San Diego Convention Center Corporation—filed a class action complaint alleging various Labor Code violations including failure to provide meal and rest

4

periods, failure to pay vacation wages, failure to reimburse employees for business expenses, and failure to timely pay all final wages. (86 Cal.App.5th at p. 593.) Plaintiff also sought civil penalties under PAGA based on the aforementioned violations. (*Ibid.*) Defendant demurred, arguing that it was a public entity because it was a wholly owned subsidiary and instrumentality of the City of San Diego; the trial court agreed and sustained the demurrer as to each class claim except for the claim for failure to timely pay final wages. (*Id.* at pp. 593–594.) Plaintiff then moved for certification of the last class claim, but the court denied his motion on the basis this claim was derivative of the other claims that had already been dismissed on demurrer. (*Id.* at p. 594.) On appeal, the Court of Appeal held that the order denying certification was appealable because, notwithstanding the fact plaintiff's PAGA and individual claims remained, these claims were not viable because they were derivative of the dismissed claims; thus, the court stated the denial of class certification effectively ended plaintiff's case. (*Id.* at p. 595.)

Here, in contrast, Salon's class claims based on the alleged Labor Code violations were not dismissed on their merits; rather, the trial court merely denied certification of these claims based on its conclusion the claims were not susceptible to class treatment. Thus, there is no indication that the remaining PAGA claim is no longer viable.

Salon argues the trial court's order denying class certification is "effectively" the death knell of the PAGA claim because it can be "inferred" from the order that the court would later exercise its discretion to manage and limit the PAGA trial "in a manner which makes the case not cost effective to litigate through judgment." This contention, however, is wholly speculative. Further, putting aside any guesswork about how the trial court may or may not manage any upcoming PAGA trial, there is nothing in the

5

record that indicates Salon would not otherwise be able to negotiate a favorable settlement of that claim before any potential trial.

As a final matter, Salon argues for the first time in reply that we should exercise our discretion to treat his appeal as a petition for writ of mandate. We decline to consider this assertion. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [points raised for the first time in reply will not be considered because such consideration would deprive respondent of an opportunity to respond].)

In any event, there does not appear to be any merit to Salon's contention. Salon asserts that under *Olson v. Cory* (1983) 35 Cal.3d 390, most of the factors that are considered in determining if an appeal should be treated as a petition for writ of mandate have been met. Among other things, Salon contends that requiring the parties to wait for a final judgment would result in unnecessary trial court proceedings; further, he asserts the appealability of this order is not clear given that this case is "clearly distinguishable from *Munoz* in light of the much smaller potential exposure." These arguments are not well taken. It is far from clear that the continuing trial court proceedings would be unnecessary given that there is a remaining PAGA claim which could still result in a significant settlement or significant penalties if the claim goes to trial. The fact that the class is smaller than the one in *Munoz* is also of no import because, as discussed *ante*, the penalties obtained could still be significant.

In sum, we conclude the trial court's order denying class certification was not appealable as it did not result in a de facto final judgment.

## DISPOSITION

Salon's appeal is dismissed.  We express no opinion on the merits of the trial court's order denying the motion for class certification.  Defendants are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.

A166627/*Salon v. New Answernet, Inc.*

7