Filed 7/24/25  Selvarajah v. World Oil Marketing Co. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SINNATHAMBY RAJ. SELVARAJAH, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> WORLD OIL MARKETING COMPANY, et al., <br><br> Defendants and Respondents. | B337886 <br><br> (Los Angeles County Super. Ct. No. 20STCV15659) |

APPEAL from an order of the Superior Court of Los Angeles County, Elihu M. Berle, Judge.  Appeal dismissed.

Workplace Rights Law Group, Gregory D. Wolflick, Theodore S. Khachaturian; Law Office of Margarit Kazaryan and Margarit Kazaryan, for Appellants.

Orrick, Herrington & Sutcliffe, Lynne C. Hermle, Joseph C. Liburt, and Alice R. Hoesterey, for Respondents.

Plaintiffs Sinnathamby Raj. Selvarajah and Anoja S. Selvarajah (collectively, the Selvarajahs) appeal from an order sustaining the demurrer of defendants World Oil Marketing Company, Robert S. Roth, Steven F. Roth, Matthew Pakkala, and Jim Tostado (collectively, World Oil) to the Selvarajahs' class action allegations in their first amended complaint (FAC). The Selvarajahs also challenge the trial court's order declining to enter judgment after confirming an arbitration award due to unresolved claims between the parties. As other cases have recognized, the order sustaining the demurrer to the class claims is nonappealable because a claim under the Private Attorney General Act of 2004 (PAGA) remains pending on behalf of class members. The order declining to enter judgment is likewise nonappealable. Accordingly, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2007, the Selvarajahs entered into a commission and operating agreement with World Oil concerning their operation of gas stations in Arcadia and Anaheim, California. The agreement designated the Selvarajahs as independent contractors.

In April 2020, the Selvarajahs filed this putative class action alleging World Oil misclassified them and class members as independent contractors, rather than as employees, and violated various Labor Code provisions and the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.). The Selvarajahs filed their FAC in June 2020, adding a cause of action under PAGA seeking civil penalties on behalf of themselves and other current and former "aggrieved employees."

In September 2020, World Oil filed a petition to compel the Selvarajahs' individual claims to arbitration. The trial court

2

granted the petition and ordered the Selvarajahs' PAGA cause of action stayed pending arbitration. After the Supreme Court decided *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*), World Oil moved to compel arbitration of the Selvarajahs' individual PAGA claim. The trial court granted World Oil's motion and stayed the proceedings concerning the nonindividual PAGA claim.[1]

In August 2023, the arbitrator issued a final award. The arbitrator concluded the Selvarajahs were World Oil's employees and awarded them $1,315,903 in damages. Thereafter, the Selvarajahs filed a motion to confirm the arbitration award and enter judgment. The trial court confirmed the arbitration award and lifted the stay on the class and nonindividual PAGA claims. It ordered the parties to brief whether the court could issue the requested partial judgment prior to resolution of the class and nonindividual PAGA claims.

In December 2023, World Oil filed a brief contending that entry of judgment would be improper because there had not been a final determination of the action, given that the Selvarajahs continued to pursue the class and nonindividual PAGA claims. The Selvarajahs, in opposition, argued judgment could be entered based on the arbitrator's award.

---

[1] "*Every* PAGA action is a 'representative' action insofar as the plaintiff is acting as the *state's* proxy in bringing suit. [Citation.] Within that suit, however, the PAGA plaintiff can seek to recover civil penalties (1) for Labor Code violations the plaintiff has *individually* suffered (so-called 'individual claims'), and (2) for Labor Code violations suffered by *other* aggrieved employees (so-called 'nonindividual claims')." (*Williams v. Alacrity Solutions Group, LLC* (2025) 110 Cal.App.5th 932, 940, rev. granted July 9, 2025, S291199.)

3

On the same day it filed its brief regarding entry of judgment, World Oil filed a demurrer to the FAC. World Oil argued the Selvarajahs lacked standing to pursue the class claims on behalf of others because their individual claims were fully resolved in arbitration. World Oil also argued the FAC failed to plead sufficient facts to support the remaining nonindividual PAGA claim.

In January 2024, the trial court sustained the demurrer as to the class claims and overruled it as to the nonindividual PAGA claim. The court denied leave to amend without prejudice to the Selvarajahs filing a motion seeking such leave. Later, the court issued an order declining to enter judgment and stated it would instead do so after the conclusion of all claims between the parties. This appeal followed.[2]

**DISCUSSION**

World Oil argues that neither the order sustaining its demurrer nor the trial court's order declining to enter judgment is appealable, and therefore the appeal should be dismissed. The Selvarajahs contend the order sustaining the demurrer is appealable under the death knell doctrine. They contend the order declining to enter judgment is appealable because it is "intertwined" with their challenge to the order sustaining the demurrer such that this court has "ancillary jurisdiction" over it.

---

[2] After the Selvarajahs filed their notice of appeal, they moved for leave to file a second amended complaint in the trial court, which sought to replead the same class claims with new representative plaintiffs. The trial court granted the motion in part, and the Selvarajahs, joined by the new plaintiffs, filed a second amended complaint in August 2024 that included duplicative class claims of those previously dismissed, along with the representative PAGA claim.

4

We conclude neither order is appealable.  The death knell doctrine does not apply in this case as the nonindividual PAGA claim remains pending, and the Selvarajahs do not show the order declining to enter judgment is immediately appealable.

Under the one final judgment rule, an appeal may generally be taken """"only from the final judgment in an entire action."""" (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) "The death knell doctrine is a "'tightly defined and narrow'" exception to the one final judgment rule in the class action context." (*Chavez Reyes v. Hi-Grade Materials Co.* (2025) 110 Cal.App.5th 1089, 1096 (*Chavez*).)  "Under the death knell doctrine, . . . an order 'is appealable if it effectively terminates the entire action as to the class, in legal effect being "tantamount to a dismissal of the action as to all members of the class other than plaintiff."'" (*Ibid.*)

"The doctrine is animated by two basic considerations: (1) The order terminating class claims is the practical equivalent of a final judgment for absent class members; and (2) without the possibility of a group recovery, the plaintiff will lack incentive to pursue claims to final judgment, thus allowing the order terminating class claims to evade review entirely." (*Cortez v. Doty Bros. Equipment Co.* (2017) 15 Cal.App.5th 1, 8 (*Cortez*).) Therefore, to be appealable under the death knell doctrine, an order must "amount[ ] to a de facto final judgment for absent plaintiffs, under circumstances where . . . the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered." (*Ibid.*) "'[O]rders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell

5

doctrine; only an order that entirely terminates class claims is appealable.'" (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 308 (*Munoz*).)

While the Selvarajahs contend the death knell doctrine applies because the trial court dismissed their class claims, "[i]t is well established that the death knell doctrine does not apply" when nonindividual PAGA claims remain pending after the trial court terminates class claims. (*Chavez*, *supra*, 110 Cal.App.5th at p. 1097 [collecting cases].) When a plaintiff makes nonindividual PAGA claims, the plaintiff acts "as a representative of the state and on behalf of similarly aggrieved employees." (*Ibid.* fn. omitted; *Young v. RemX, Inc.* (2016) 2 Cal.App.5th 630, 634 ["both class claims and representative PAGA claims "are forms of representative actions, whereby one or more plaintiffs seek recovery on behalf of nonparties"].) "Under those circumstances, the possibility of group recovery under PAGA still exists despite the termination of the class claims." (*Chavez*, at p. 1097.) Thus, the order sustaining World Oil's demurrer did not entirely terminate all claims belonging to absent class members.

That the Selvarajahs' individual PAGA claim has been resolved in arbitration does not change our conclusion. PAGA plaintiffs who are compelled to arbitrate individual claims may continue to have a stake in the litigation of nonindividual claims. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1127.) They may continue to litigate in order to obtain penalties on behalf of their fellow, similarly aggrieved employees. (*Cortez*, *supra*, 15 Cal.App.5th at p. 8.) They may continue to litigate because they "secure[d] representation by enticing attorneys to take cases they might not have if limited to recovering fees and

6

costs for individual claims alone." (*Adolph,* at p. 1127.)  They have incentive to continue to litigate in order to obtain a final judgment.  Indeed, after arbitrating their individual PAGA claim, the Selvarajahs and their counsel have continued to litigate the nonindividual PAGA claim.  Once the litigation culminates in a judgment resolving all claims, the Selvarajahs may appeal on all appropriate grounds, avoiding piecemeal disposition and multiple appeals.

The Selvarajahs cite *Williams v. Impax Laboratories, Inc.* (2019) 41 Cal.App.5th 1060, in arguing that the death knell doctrine generally applies to an order sustaining a demurrer to class allegations.  *Williams* found an order striking class claims that rendered the appellant "'the sole plaintiff in an individual action'" was appealable under the death knell doctrine.  (*Id.* at pp. 1069–1070.)  Unlike in *Williams*, the order sustaining World Oil's demurrer did not render the Selvarajahs the sole plaintiffs in an individual action.  The nonindividual PAGA claim, which benefits similarly aggrieved employees, remains.

The Selvarajahs further argue the cases holding the death knell doctrine inapplicable when a PAGA claim survives dismissal of class claims are "obsolete" because they were decided before *Viking River*, *supra*, 596 U.S. 639.  However, *Chavez*, *supra*, 110 Cal.App.5th at p. 1096, which was decided after *Viking River*, also concluded the death knell doctrine is inapplicable under the circumstances presented.  Further, *Viking River* addressed whether the Federal Arbitration Act preempted "a rule of California law that invalidate[d] contractual waivers of the right to assert representative claims under [PAGA]."  (596 U.S. at p. 643.)  It did not address the appealability of an order under the death knell doctrine.  (*California Building Industry*

7

*Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043 ["It is axiomatic that cases are not authority for propositions that are not considered"].) Thus, the Selvarajahs do not show *Viking River* renders cases like *Munoz* and *Cortez* obsolete.

We conclude the order sustaining the demurrer to the class claims in the FAC "did not constitute a 'de facto final judgment' for the putative class members, did not sound the death knell on all of [the Selvarajahs'] claims on behalf of other class members, and was not immediately appealable upon entry." (*Chavez*, *supra*, 110 Cal.App.5th at p. 1098.)

As to the trial court's order declining to enter judgment until all claims between the parties were resolved, the Selvarajahs assert only that it is appealable because it is "intertwined" with the order sustaining World Oil's demurrer and should be reviewed together with it. As discussed above, the order sustaining the demurrer is not appealable. The Selvarajahs do not otherwise contend the order declining to enter judgment is itself immediately appealable. (*Cheeks v. California Fair Plan Assn.* (1998) 61 Cal.App.4th 423, 424, fn. 1 ["An order confirming an arbitration award is not appealable; the appeal lies from a judgment of confirmation"].)

In their reply brief, the Selvarajahs urge us to treat the appeal of the order declining to enter judgment as a petition for writ of mandate. They have forfeited the request by failing to raise it in their opening brief. (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 987.) In any event, our Supreme Court has counseled that the power to treat a "purported appeal as a petition for writ of mandate" should be exercised only "under unusual circumstances," such as where "the record sufficiently

8

demonstrates the lack of adequate remedy at law necessary for issuance of the writ." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) The Selvarajahs have not attempted to make such a showing as to either order.

We therefore decline to assume jurisdiction by treating this appeal as a petition for writ of mandate. "The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. [Citation.] Accordingly, if the order or judgment is not appealable, the appeal must be dismissed." (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)

## DISPOSITION

The appeal is dismissed. We express no opinion on the merits of the trial court's orders. World Oil is awarded costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MORI, J.

We concur:

COLLINS, Acting P. J.

TAMZARIAN, J.