Filed 2/27/23  Pineda v. Colusa Medical Center CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| MARY PINEDA, | C094568 |
| Plaintiff and Appellant, | (Super. Ct. No. CV24393) |
| v. | |
| COLUSA MEDICAL CENTER, | |
| Defendant and Respondent. | |

Plaintiff Mary Pineda appeals from the trial court's order granting summary adjudication of her individual and representative claims under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698, et seq.; statutory section citations that follow are found in the Labor Code unless otherwise stated) after she filed her PAGA cause of action prematurely before the statutory 65-day waiting period had expired.  PAGA allows an employee to bring a civil action against an employer on behalf of himself and other employees to recover civil penalties for violations of the Labor Code.  (§ 2699, subd. (a).)

1

Civil penalties are $100 for each initial violation, and $200 for each subsequent violation.  (§§ 210, subd. (a), 2699, subd. (f)(2).)  If civil penalties are recovered, 75 percent goes to the Labor and Workforce Development Agency, and 25 percent goes to the aggrieved employees.  (§ 2699, subd. (i).)  The aggrieved employee is also entitled to recover reasonable attorney fees.  (§ 2699, subd. (g)(1).)

On appeal, plaintiff contends that a plaintiff is not barred from maintaining a PAGA action where he or she properly and timely filed a sufficient PAGA notice with the Labor Workforce Development Agency (Agency), but prematurely filed a lawsuit alleging a PAGA claim prior to the expiration of the 65-day waiting period, if the Agency subsequently fails to act on the notice within 65 days.

Defendant Colusa Medical Center (Colusa Medical) challenges the propriety of Pineda's appeal from the order granting summary adjudication of Pineda's entire PAGA claim, arguing that the appeal is from a nonappealable order and violates the one final judgment rule.  In any event, Colusa Medical contends the court properly dismissed Pineda's PAGA claim because she failed to comply with requisite waiting period before filing suit.

We conclude that the order granting summary adjudication in this case is not appealable.  We therefore dismiss the appeal without reaching the merits of Pineda's contentions.

FACTS AND HISTORY OF THE PROCEEDINGS

The relevant facts are undisputed.  Pineda is a former employee of Colusa Medical.  She worked for Colusa Medical from approximately November 2017 until December 2018.

On April 25, 2019, Pineda submitted a PAGA letter to the Agency on behalf of herself, notifying it of various alleged Labor Code and Wage Order violation claims against Colusa Medical.  On June 3, 2019, before 65 days had passed since submitting the

2

PAGA letter, Pineda filed a complaint for damages against Colusa Medical asserting nine causes of action for various wage and hour law violations as well as wrongful termination, discrimination, and retaliation. The first eight causes of action alleged individual claims while the ninth cause of action asserted a PAGA claim on behalf of Pineda and all similarly situated past and present employees for failure to pay overtime, failure to provide meal periods or pay premiums in lieu thereof, failure to pay final wages, failure to provide accurate wage statements, and retaliation. Prior to filing the complaint, Pineda had not received any response from the Agency to her PAGA notification letter.

Approximately two months later, on August 23, 2019, Pineda submitted an amended PAGA letter to the Agency dated August 22 on behalf of herself and all employees similarly situated. The amended letter notified the Agency of PAGA claims related to further alleged Labor Code and Wage Order violations. Less than 65 days later (on September 20, 2019), Pineda filed a first amended complaint that included an individual and representative PAGA cause of action (which was then the eighth cause of action) based on the same alleged Labor Code violations as in the original complaint. Prior to filing the first amended complaint, Pineda had not received any response from the Agency to her August 2019 amended PAGA letter.

Nearly a year later, on September 17, 2020, Pineda filed the operative second amended complaint as an individual and class action lawsuit. The second amended complaint sought to certify a class of "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to a final judgment who reside in California."

On behalf of herself and the putative class, Pineda's second amended complaint alleged causes of action for failure to pay overtime (§510; IWC Wage Order 5-2001, first cause of action), failure to provide meal periods or premium wages (§ 512; IWC Wage

3

Order 5-2001, second cause of action), failure to pay all compensation due and owing upon discharge (§ 203, third cause of action), failure to produce records (§226, subd. (b), fourth cause of action), inaccurate wage statements (§ 226, subd. (a), fifth cause of action), a PAGA claim for several Labor Code violations (§§ 2699, 2699.3, sixth cause of action and unlawful business practices (Bus. & Prof. Code, § 17200 et. seq., seventh cause of action). Individually, she alleged causes of action for retaliation (§ 1102.5, eighth cause of action), and wrongful termination (§ 1102.5; Gov. Code, § 12940 et. seq., ninth cause of action).

Colusa Medical moved for summary adjudication of Pineda's sixth cause of action under PAGA and the civil penalties for her class claims in her fifth cause of action for failing to provide accurate wage statements. Colusa Medical argued that Pineda had failed to exhaust her administrative remedies for both her individual and representative PAGA claims because she filed the lawsuit prematurely before the 65-day waiting period had expired, and that Pineda's class claims for civil penalties under sections 226 and 1174 were barred by the one-year statute of limitations.

Pineda opposed the summary adjudication motion. She acknowledged filing her PAGA claim early, but claimed that because the Agency failed to respond to her letter even after the 65 days had expired her premature filing was harmless and she was not barred from maintaining her PAGA suit. Pineda further argued that her class claims for civil penalties in her fifth cause of action were not barred by the one-year statute of limitations under the doctrine of equitable tolling.

After considering the parties' pleadings and oral arguments at a hearing on the motion in June 2021, the court granted Colusa Medical's motion for summary adjudication as to Pineda's entire PAGA claim and the class civil penalty allegations in her fifth cause of action. Pineda timely appealed. Her notice of appeal states in relevant part that she appeals from "summary adjudication dismissing PAGA action . . . ."

4

DISCUSSION

As an initial matter, we must determine whether Pineda's appeal is viable. "The right to appeal in California is generally governed by the 'one final judgment' rule, under which most interlocutory orders are not appealable." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 754 (*Baycol*); Code Civ. Proc., § 904.1.) The rule reduces a litigant's ability to harass opponents and clog the courts with a succession of multiple time-consuming and costly appeals in a single action, and instead requires that a review of intermediate rulings await the final disposition of the case. (*Baycol*, at p. 756.)

Ordinarily, an interlocutory order granting partial summary adjudication, like the order challenged here, is not an appealable order. (*Field Research Corp. v. Superior Court of City and County of San Francisco* (1969) 71 Cal.2d 110, 111 [court's order granting partial summary judgment in an action for damages for defamation not appealable, but reviewable by writ]; *Fisherman's Wharf Bay Cruise Corp. v. Superior Court of San Francisco* (2003) 114 Cal.App.4th 309, 319.) Instead, an order that is entered pursuant to Code of Civil Procedure section 437c, the summary judgment statute, that is *not* a summary judgment may only be reviewed by a petition for a peremptory writ filed within 20 days of the notice of entry of order. (Code Civ. Proc., § 437c, subd. (m)(1) ["Upon entry of an order pursuant to this section, except the entry of summary judgment, a party may, within 20 days after service upon him or her of a written notice of entry of the order, petition an appropriate reviewing court for a peremptory writ"].) It is undisputed that Pineda did not seek a writ within 20 days of being served with notice of entry of the court's summary adjudication order.

Nevertheless, Pineda contends the appealed-from order is immediately appealable under the "death knell" doctrine. This doctrine " 'provides that an order which allows a plaintiff to pursue individual claims, but prevents the plaintiff from maintaining the claims as a class action, . . . is immediately appealable because it "effectively r[ings] the

5

death knell for the class claims." ' " (*Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196, 200 (*Miranda*).)  The death knell doctrine applies to representative PAGA claims as well as class claims.  (*Id.* at p. 199.)

Appealability under the death knell doctrine requires "an order that (1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no formal final judgment will ever be entered . . . ." (*Baycol, supra*, 51 Cal.4th at p. 759; *Miranda*, at p. 200.)  "[T]he preservation of individual claims is an essential prerequisite to application of the death knell doctrine . . . ." (*Baycol,* at p. 754.)  That is, "the doctrine renders appealable only those orders that effectively terminate class claims but permit individual claims to continue." (*Ibid.*)

Given that the death knell doctrine is " 'a tightly defined and narrow concept[,]' " (*Baycol, supra*, 51 Cal.4th at p. 760), and in light of the policies underlying this limited exception to the one final judgment rule (*id.* at pp. 757-758), we conclude that the death knell doctrine does not apply to the court's order granting partial summary adjudication here.

In this case, the court's order did *not* terminate all class claims and leave only individual claims for Pineda to pursue.  Rather, the record shows that multiple causes of action with both individual and class claims remain to be tried thus giving Pineda ample incentive to continue pursuing the litigation.  "[O]rders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell doctrine." (*Baycol, supra*, 51 Cal.4th at pp. 757-758; see also *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 806-807 & fn. 4 [an order that terminates some but not all class claims is not an appealable order].)

Furthermore, as for Pineda's PAGA claims, the order appealed from does not permit Pineda to pursue her individual PAGA claim separate from her representative

6

claim on behalf of the other allegedly aggrieved employees. The order entered dismissed *both* Pineda's individual and representative PAGA claims for failure to exhaust administrative remedies. In that circumstance, "[n]o divergence between individual and class interests was thereby created." (*Baycol, supra*, 51 Cal.4th at p. 760; *see id*. at pp. 760-761.) When "an order terminates both class and individual claims, there is no need to apply any special exception to the usual one final judgment rule to ensure appellate review of class claims." (*Id.* at p. 754.) "Instead, routine application of that rule suffices to ensure review while also avoiding a multiplicity of appeals." (*Ibid*.)

"The scope of the death knell doctrine is coextensive with its rationale." (*Baycol, supra*, 51 Cal.4th at p. 760.) Because the rationale for the doctrine does not apply here, the order granting summary adjudication is not immediately appealable and we must dismiss Pineda's appeal.

### DISPOSITION

The appeal is dismissed. Colusa Medical is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

BOULWARE EURIE, J.

7