Filed 3/29/24  Youngblood v. Logistic Resources in Motion, LLC CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JARVIS JERRY YOUNGBLOOD, Plaintiff and Appellant, v. LOGISTIC RESOURCES IN MOTION LLC et al., Defendants and Respondents. | A166098 (Contra Costa County Super. Ct. No. MSC21-02675) |

In this wage-and-hour action, Jarvis Jerry Youngblood appeals from an order compelling arbitration of his individual claims, dismissing his class claims, and staying the underlying proceedings.  When the trial court entered this order, Youngblood had a separate suit pending against the same defendants—Logistic Resources in Motion, LLC (LRIM) and Amazon Logistics, Inc. (Amazon) (collectively respondents)—with claims under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, §§ 2698, et seq.) (PAGA) that paralleled his claims in this action.  Generally, an order compelling arbitration is not immediately appealable, and because

1

Youngblood's PAGA claims remained pending, the death knell doctrine does not apply. Accordingly, we dismiss the appeal.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

LRIM is a Richmond-based delivery company, and Amazon is one of its clients. LRIM employs local delivery drivers to pick up and deliver client's packages within California. Youngblood worked as an LRIM delivery driver from March 29, 2021, to May 20, 2021. His employment was subject to an arbitration agreement that contained a class action waiver.

Following the end of his employment, Youngblood filed two separate complaints against LRIM and Amazon. On December 27, 2021, Youngblood filed a putative class action raising wage-and-hour claims under Business and Professions Code §§ 17200, et seq. On May 26, 2022, Youngblood filed a separate complaint asserting nearly identical claims under PAGA, in both an individual and representative capacity.[2]

Before the second filing date, on April 29, 2022, LRIM moved in the first case to compel individual arbitration, dismiss class claims, and stay proceedings, and Amazon joined the motion.

The trial court issued a tentative decision granting respondents' motion on June 8, 2022, and held a hearing on June 9, 2022. After hearing the

---

[1] Since we are not deciding the case on the merits, Youngblood is not entitled to oral argument. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254; *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871.)

[2] On November 7, 2023, LRIM and Amazon moved this court to take judicial notice of (i) Youngblood's PAGA complaint, (ii) his June 16, 2022, request for dismissal without prejudice of that complaint, and (iii) an excerpt from the Petition for Writ of Certiorari filed in the United States Supreme Court on October 19, 2023, in *Domino's Pizza, LLC v. Carmona, et al.*, Case No. 23-427 (*Domino's Pizza*). This court initially deferred ruling on the motion but now grants the request since these are court records over which this court may take judicial notice. (Evid. Code, §§ 452, subd. (d), 459.)

parties' arguments, the court denied Youngblood's request to be allowed to take discovery or to present his own declaration setting forth how much of his delivery work was performed for Amazon. The court concluded Youngblood had failed to support his motion with evidence showing that an exemption to the Federal Arbitration Act (FAA) (9 U.S.C. §1) applied, which potentially would have relieved him from compelled arbitration. The court issued an order adopting its tentative decision, which compelled arbitration of his individual claims, stayed the underlying proceedings, and dismissed his class claims. The order did not address Youngblood's separate PAGA claims, which he dismissed without prejudice a week later, on June 16, 2022. One day earlier, on June 15, 2022, the U.S. Supreme Court had announced its decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*).

On July 18, 2022, Youngblood filed a notice of appeal from the order, citing the "death knell doctrine." On January 26, 2023, LRIM and Amazon jointly moved to dismiss the appeal, contending the order is not appealable, the death knell doctrine does not apply, and this court lacks jurisdiction. After Youngblood filed his opposition, the court deferred consideration of the motion to dismiss until we could consider the appeal on the merits.

Youngblood then filed his Opening Brief, contending he is a last-mile delivery driver and, as such, a " 'transportation worker' " exempt from the FAA. (See *Circuit City Stores v. Adams* (2001) 532 U.S. 105.) Further, he argues the arbitration agreement's class action waiver is unenforceable under California law. In the alternative, he contends the trial court abused its discretion in denying his discovery request at the hearing on the motion to compel arbitration. In response, LRIM and Amazon reiterate the reasons

3

why this court should dismiss the appeal and, on the merits, disagree with Youngblood.

## DISCUSSION

Respondents urge us to dismiss the appeal, arguing that because Youngblood's PAGA claims were still pending when the court granted respondents' motion, the death knell doctrine does not apply, and, therefore, we lack jurisdiction. We agree.

"Normally, an order compelling arbitration may be challenged only in an appeal from the ensuing judgment." (*Williams v. U.S. Bancorp Investments, Inc.* (2020) 50 Cal.App.5th 111, 116.) The death knell doctrine is an exception to this general rule and applies when an order "(1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no formal final judgment will ever be entered." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 759, italics omitted (*Baycol*).) "An order directing a plaintiff to arbitrate his or her claims individually, rather than pursuing class claims in court"—such as the order in this case—may "fall[] within the scope of the death knell doctrine." (*Williams*, at pp. 116–117.)

However, an order does not act as the death knell when representative PAGA claims survive it. (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 311–312 (*Munoz*); *Cortez v. Doty Bros. Equipment Co.* (2017) 15 Cal.App.5th 1, 8–9 (*Cortez*); *Young v. RemX, Inc.* (2016) 2 Cal.App.5th 630, 634–635.) The "fundamental underpinnings of the death knell doctrine [identified in *Baycol*] are lacking when a plaintiff's representative PAGA claim remains pending in the trial court following the termination of the class claims. . . [T]he PAGA plaintiff remains incentivized by the statutory scheme to proceed to judgment. . . '[g]iven the potential for recovery of significant

4

civil penalties if the PAGA claims are successful, as well as attorney fees and costs.' " (*Cortez*, at p. 8, citing *Munoz*, at p. 311.)

Here, when the trial court issued its order on June 9, 2022, Youngblood's PAGA claims were pending in a separate suit. Thus, the order was not the death knell for Youngblood's effort to litigate the alleged wage-and-hour violations on a representative basis. (*Munoz*, *supra*, 238 Cal.App.4th at pp. 311–312.) And without the death knell doctrine, there is no basis for immediate appellate review.

In arguing that the order is immediately appealable, Youngblood contends that a plaintiff is not required to present evidence he is unable to pursue his individual claims before a court may hear an appeal under the death knell doctrine. He relies for this proposition on *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, *Marenco v. DirecTV LLC* (2015) 233 Cal.App.4th 1409, and *Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196. But Youngblood's authority does not overcome the *Munoz* line of cases, which Youngblood ignores. *Phillips* and *Marenco* do not involve PAGA claims at all. (See, e.g., *Marenco*, at p. 1421.) And *Miranda* endorses *Munoz* (*Miranda*, at pp. 201–202), before going on to find an order compelling individual arbitration appealable under the death knell doctrine because the order in that case *dismissed* the plaintiff's representative PAGA claim. (*Miranda*, at pp. 199–200, 202–203). *Miranda* is thus clearly distinguishable and reinforces our decision to dismiss this appeal; Youngblood's PAGA claims remained untouched by the trial court's order.

We recognize that Youngblood voluntarily dismissed his PAGA claims, without prejudice, before he appealed the trial court's order. But our task is to review the correctness of the decision the trial court made (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201), and

5

Youngblood does not explain how that task might be affected by his subsequent litigation conduct. Youngblood mentions in his recitation of facts that he dismissed his PAGA claims after the United States Supreme Court decided *Viking River*, but he does not argue that the act of dismissing these claims somehow perfected his appeal. Recognizing that " 'a reviewing court in a civil action is [not] obligated to seek out theories plaintiff might have advanced, or to articulate for him that which he has left unspoken' " (*Metcalf v. County of San Joaquin* (2008) 42 Cal.4th 1121, 1131), that could properly end the matter.

In any event, we do not see how Youngblood's voluntary dismissal without prejudice vitiates application of the death knell doctrine here. In *Viking River*, the Court opined that a PAGA plaintiff lacks statutory standing to maintain representative claims in court once the individual claims are compelled to arbitration. (*Viking River*, *supra*, 596 U.S. at pp. 662–663.) But Justice Sotomayor's concurring opinion pointed out that, if the Supreme Court misinterpreted this point of California law, the California courts would have "the last word." (*Id.* at p. 664 (conc. opn. of Sotomayor, J.).) And the California Supreme Court soon settled the issue differently in *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, holding that, "[w]here a plaintiff has brought a PAGA action comprising individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." (*Id.* at p. 1114.) We therefore see no reason, and Youngblood has given us none, to conclude that *Viking River* should affect our analysis.

Finally, Youngblood asks us to treat the appeal as a petition for writ of mandate, if we find a jurisdictional defect. We note that "reviewing an order

6

compelling arbitration by writ should be done sparingly and only in an appropriate circumstance to avoid defeating the purpose of the arbitration statute." (*Cortez, supra,* 15 Cal.App.5th at p. 10.) We are unpersuaded by Youngblood's argument that writ review is proper here to avoid the "needless delay and expense" of "an arbitration based on erroneous rulings of law." (*Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 244; see also *Elijahjuan v. Superior Court* (2012) 210 Cal.App.4th 15, 20.) Youngblood did not timely file a petition seeking writ review of the trial court's order, and he has not established in his appellate briefing that the trial court committed a clear error of law that could be quickly resolved in his favor on the merits. This is demonstrated in part by a pending petition for writ of certiorari before the United States Supreme Court in *Domino's Pizza, supra,* Case No. 23-427, which notes a split among the federal circuits and seeks review of the legal issue at the heart of this case.[3]

Because we lack jurisdiction to hear the appeal, it must be dismissed.

## DISPOSITION

The appeal is dismissed. Respondents are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278.)

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.

*Youngblood v. Logistic Resources in Motion LLC et al.* (A166098)

---

[3] The issue for certiorari is, "Whether local delivery drivers—i.e., workers who make in-state deliveries of goods in response to instate orders, and play no role in transporting those goods across borders—are nevertheless 'engaged in foreign or interstate commerce' for purposes of Section 1 of the Federal Arbitration Act?"