Filed 5/22/24  Garcia v. Universal Molding CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOBANNY GARCIA, | B325071 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 19STCV14287 |
| UNIVERSAL MOLDING CO., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael L. Stern, Judge.  Reversed in part and remanded with directions.

Aegis Law Firm, Samuel A. Wong, Kashif Haque, Jessica L. Campbell and Joseph M. Szilagyi for Plaintiff and Appellant.

Jackson & Associates, James T. Jackson and Jessica A. Crabbe for Defendant and Respondent.

_____

## SUMMARY

In *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104 (*Adolph*), the Supreme Court held that where a plaintiff has brought an action under the Private Attorneys General Act of 2004 (PAGA, Lab. Code, § 2698 et seq.) with both individual and nonindividual claims, "an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA" (*Adolph,* at p. 1114). *Adolph* rejected the contrary interpretation of California law enunciated by the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*), where the high court concluded that a PAGA plaintiff loses standing in that situation and her nonindividual claims should be dismissed. (*Adolph,* at p. 1119, discussing *Viking River,* at p. 663.)

Here, the trial court ruled on defendant's motion to compel arbitration of plaintiff's individual PAGA claims after *Viking River*, but before *Adolph*. The trial court ordered plaintiff's individual PAGA claims to arbitration and dismissed his nonindividual claims (albeit without prejudice), following *Viking River*. Plaintiff appealed, citing the "death knell" doctrine.

We reverse the dismissal of plaintiff's nonindividual PAGA claims, which instead should have remained pending in superior court. On remand, the trial court should consider plaintiff's request for a stay of the litigation pending arbitration. We leave the management of that litigation during the pendency of the arbitration to the trial court's sound discretion. (See *Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 135 (*Nickson*).)

## BACKGROUND

This appeal is vexed with inaccurate descriptions of the procedural background and apparent misunderstanding of applicable legal principles. Defendant's only argument in

2

response to plaintiff's appeal is the mistaken claim that dismissal of plaintiff's nonindividual PAGA claims was proper because plaintiff had voluntarily dismissed his individual PAGA claims in November 2019.

A brief statement of the legal background may be helpful.

Every PAGA action is a representative action on behalf of the state. (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 87.) "Plaintiffs may bring a PAGA claim *only* as the state's designated proxy, suing on behalf of *all* affected employees." (*Ibid.*) "A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties." (*Id.* at p. 81; see also *id.* at p. 80 [holding that an employee who had settled his own claims for Labor Code violations did not lose standing, "as the state's authorized representative, to pursue PAGA remedies"].)

*Adolph* explains the state of the law before *Viking River.* "In *Iskanian* [*v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 382-383], we held that a predispute categorical waiver of the right to bring a PAGA action is unenforceable," a rule *Viking River* left undisturbed. (*Adolph, supra,* 14 Cal.5th at p. 1117.) *Viking River* also "did not disturb *Iskanian*'s rule that an arbitration agreement purporting to waive an employee's non-individual claims is unenforceable as a matter of state law . . . ." (*Adolph,* at p. 1118, citing *Nickson, supra,* 90 Cal.App.5th 121.) After *Iskanian,* "various courts held that employers may not require employees to 'split' PAGA actions in a manner that puts individual and non-individual components of a PAGA claim into bifurcated proceedings." (*Adolph,* at p. 1118, citing cases.) It is this last rule that was abrogated by *Viking River*, which "held that 'the FAA [Federal Arbitration Act] preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to

arbitrate.' " (*Adolph,* at p. 1118, quoting *Viking River,* 596 U.S. at p. 662.)

As mentioned earlier, *Viking River* also concluded that a PAGA plaintiff loses standing when her individual PAGA claims are compelled to arbitration, so that her nonindividual claims should be dismissed. But a state's highest court is the final arbiter of state law and is not bound by the high court's interpretation (*Adolph, supra,* 14 Cal.5th at p. 1119), and *Adolph* held otherwise.

## FACTS

In April 2019, plaintiff filed a class action complaint alleging six causes of action for failure to pay wages and other violations of wage and hour laws and a seventh cause of action for violation of the unfair competition law.

On August 1, 2019, plaintiff amended the complaint, adding an eighth cause of action seeking penalties under PAGA on behalf of himself and other aggrieved employees.

On November 4, 2019, plaintiff requested dismissal of his individual and class action claims in the operative complaint without prejudice, "leaving one cause of action for Enforcement of the [PAGA]."

On November 12, 2019, the trial court granted plaintiff's dismissal request, ordering that "[p]laintiff's class action claims in his original complaint filed on April 24, 2019, are dismissed without prejudice." The dismissal of the class action claims left only plaintiff's PAGA cause of action to be litigated. Since the PAGA cause of action could not be split under California law as it stood then, no part of the PAGA claim for civil penalties could be arbitrated: neither plaintiff's individual PAGA claims for injuries he sustained nor nonindividual PAGA claims for injuries sustained by other employees.

4

Some two and a half years later, on June 15, 2022, the high court decided *Viking River*.

Defendant promptly (July 11, 2022) filed a motion to compel arbitration of plaintiff's individual PAGA claims. Defendant's motion also sought dismissal of plaintiff's nonindividual PAGA claims remaining before the court, citing the *Viking River* interpretation of California law.

Plaintiff opposed the motion to compel arbitration, and also argued he had standing for the representative (nonindividual) PAGA claim. Plaintiff requested a stay of the representative portion of the PAGA claim if the court decided to compel arbitration of his individual PAGA claims.

On October 6, 2022, the trial court ordered plaintiff's individual PAGA claims to arbitration, citing *Viking River*, and ordered "the PAGA claim dismissed without prejudice with the Court retaining jurisdiction." The court also ordered the operative complaint dismissed without prejudice, retaining jurisdiction to enter a judgment on an arbitration award.

Plaintiff filed a timely appeal from the October 6, 2022 order, relying on the "death knell" doctrine. (See *Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196, 199 [holding that "the 'death knell' doctrine, which provides an exception to the one final judgment rule when an order allows a plaintiff to pursue individual but not class claims, applies to representative claims as well"].)

## DISCUSSION

Plaintiff's opening brief describes *Adolph*, and requests us to "reverse the erroneous dismissal of [plaintiff's] entire complaint and instruct the trial court to enter a new order staying all of [plaintiff's] claims asserted in the complaint pending arbitration." Plaintiff's reference to "all of [plaintiff's]

claims asserted in the complaint" necessarily means plaintiff's nonindividual PAGA claims, as the PAGA cause of action is the only cause of action that remained in the complaint after the court's November 2019 order.

As we have observed, the only argument in the respondent's brief is the claim that plaintiff dismissed his individual PAGA claims in November 2019, when he requested dismissal of his individual and class action wage claims. (Defendant now asserts its motion to compel arbitration of plaintiff's individual PAGA claims was "erroneous" and there is "nothing to arbitrate.") There is no support in law or fact for defendant's contention.

As we have explained, a PAGA claim for civil penalties is different from an employee's own suit for damages, and here (as in *Kim*) plaintiff's first amended complaint in August 2019 alleged "individual claims for damages and a PAGA claim for civil penalties." (*Adolph, supra,* 14 Cal.5th at p. 1120.) Plainly, when plaintiff dismissed his individual and class claims in November 2019, he was not dismissing any part of his PAGA claim—neither his individual PAGA claims (meaning, as *Viking River* puts it, claims for civil penalties "premised on Labor Code violations actually sustained by the plaintiff") nor his nonindividual PAGA claims ("arising out of events involving other employees"). (*Viking River, supra,* 596 U.S. at pp. 648-649.)

The record further shows that defendant understood that no part of plaintiff's PAGA cause of action was dismissed. Plaintiff's request for dismissal stated the dismissal would "leav[e] one cause of action for Enforcement of the [PAGA]." And defendant's July 2022 motion to compel arbitration of plaintiff's individual PAGA claims specifically stated that the court dismissed plaintiff's class action wage and hour claims (in November 2019), and "[t]herefore, the only cause of action

6

remaining before this Court is Plaintiff's [PAGA] claim." The motion repeatedly referred to plaintiff's "individual PAGA claims," and stated defendant sought "to compel the arbitration of Plaintiff's individual PAGA claim and dismiss Plaintiff's remaining non-individual PAGA claim accordingly."

In sum, defendant makes no coherent argument justifying the dismissal of plaintiff's nonindividual PAGA claims in light of the *Adolph* decision, which is directly on point. The trial court correctly ordered plaintiff's individual PAGA claims to arbitration, but under *Adolph,* that order "[did] not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." (*Adolph, supra,* 14 Cal.5th at p. 1114.) The trial court's error here was not anticipating the *Adolph* decision.

## DISPOSITION

The October 6, 2022 order is reversed to the extent it dismisses plaintiff's nonindividual PAGA claims, and the trial court is directed to consider plaintiff's request for a stay of that litigation pending arbitration of his individual PAGA claims. We otherwise leave management of the superior court litigation during the pendency of the arbitration to the trial court's sound discretion. Plaintiff to recover costs on appeal.


GRIMES, Acting P. J.


WE CONCUR:


WILEY, J.          VIRAMONTES, J.


7