Filed 9/22/25  Jurado v. Neotech Products CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| GLORIA JURADO, | B336833 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV17289) |
| v. | |
| NEOTECH PRODUCTS, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Dismissed.

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh, Christopher Petersen, Jamie Nguyen, and Brian Lam for Plaintiff and Appellant.

Martin Law Firm, David L. Martin, and Ravina Patel for Defendant and Respondent.

_____

In July 2023, appellant Gloria Jurado brought a complaint under Labor Code section 2699 (the Private Attorneys General Act or PAGA) against respondent Neotech Products, LLC (her former employer), in which she alleged Neotech committed six categories of Labor Code violations against its current and former employees, and one individual violation against her.[1]  The trial court granted Neotech's motion to strike the six categories of violations because Jurado could not have experienced any of them within the time frame of PAGA's one-year statute of limitations— Neotech last employed her in August 2020.  However, the trial court left intact Jurado's allegation that Neotech failed to timely respond to her November 2022 request for payroll records and her personnel file.  No parties dispute a PAGA claim based on that violation was timely brought.

Although the order did not dispose of the entire action, Jurado appealed it under the "death knell" doctrine.[2]  Neotech subsequently moved to dismiss the appeal, arguing the doctrine did not apply because Jurado still maintained a representative PAGA claim based on the alleged failure to timely produce records.  Jurado opposed the motion, arguing the remaining violation could not be the basis of a representative action because she had alleged Neotech committed it against only her.  We deferred ruling on the motion and now grant it.

---

[1] Undesignated statutory references are to the Labor Code.

[2] The "death knell" doctrine permits a party to immediately appeal "orders dismissing all class action claims" because, otherwise, such orders could "escape review." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 754 (*Baycol*).)  The doctrine also applies to representative PAGA claims. (*Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196, 200–203.)

## FACTUAL AND PROCEDURAL BACKGROUND[3]

### A. *Jurado Files a PAGA Complaint*

On July 24, 2023, Jurado filed a "representative action," "individually, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ('PAGA')." She alleged Neotech employed her from February 2015 to August 2020 as an "hourly-paid nonexempt Assembler."

On November 10, 2022, Jurado "requested her payroll records and personnel file" from Neotech, and Neotech failed to produce the requested documents in the time required by statute.[4] On January 13, 2023, Jurado "provided written notice to the LWDA of the specific provisions of the Labor Code [s]he contends were violated, and the theories supporting h[er] contentions."[5] The LWDA took no action to investigate or prosecute the matter.

Based on these allegations, Jurado claimed she and "the other hourly-paid or non-exempt employees" were "aggrieved employees" under PAGA in that "they are all current and former hourly-paid or non-exempt employees of Defendants [*sic*] within the State of California at any time during the period from January 13, 2022, to the present, and one or more of the alleged violations was committed against them." Jurado accused Neotech of six categories of Labor Code violations against the

---

[3] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

[4] (See § 226, subds. (b) & (c); § 1198.5, subds. (a) & (b)(1).)

[5] The complaint stated a copy of the notice was attached as exhibit 1 and incorporated by reference, but no such exhibit is in the appellate record.

"aggrieved current and former employees": (1) failure to pay minimum and overtime wages; (2) failure to provide meal periods and rest breaks; (3) failure to timely pay wages during employment; (4) failure to timely pay wages upon termination; (5) failure to provide complete and accurate wage statements; and (6) failure to reimburse business expenses.[6] Jurado also alleged Neotech violated Labor Code sections 226 and 1198.5 as to her by failing to timely produce her requested payroll records and personnel file. Jurado sought "civil penalties, interest, attorneys' fees and costs."

### B.   *The Court Strikes All But One Alleged Violation*

In September 2023, Neotech moved to strike the portions of Jurado's complaint relating to the six categories of alleged Labor Code violations, arguing they were "barred by the one-year statute of limitations on PAGA claims" because they accrued as of Jurado's last day of employment in August 2020.

In January 2024, Jurado opposed Neotech's motion, arguing that because Neotech's alleged failure to provide her with her requested payroll records and personnel file occurred within a year of the filing of her complaint, her complaint was timely, and that "[a]lleging a *single* Labor Code violation is sufficient to confer standing for Plaintiff to bring PAGA claims on behalf of others—including for violations she did not personally suffer." In its reply, Neotech reiterated its stance that "the

---

[6] For the third, fifth, and sixth categories, Jurado claimed Neotech committed the violations against "Plaintiff and the other aggrieved current and former employees." For the fourth category, Jurado claimed Neotech committed the violation against "Plaintiff and the other aggrieved former employees."

4

PAGA claims based on violations occurring during Plaintiff's employment were not timely asserted" and expressly stated it did "not seek to strike Plaintiff's PAGA claim based on a records request that Plaintiff contends she made on November 10, 2022."

The trial court granted Neotech's motion, reasoning that, apart from the records request violation, "Plaintiff has not shown the other allegations are timely."[7]

### C.   *Jurado Appeals*

In February 2024, Jurado appealed the court's order granting the motion to strike.  Under the section asking Jurado to "describe and specify the . . . authority that authorizes this appeal," she wrote: "(See In re Baycol Cases I & II (2011) 51 Cal.4th 751, 754)."  Similarly, in her Civil Case Information Statement, when asked why the court's order was appealable, Jurado stated:  "The order Plaintiff is appealing disposed of the representative aspect of the case, which renders the death knell doctrine applicable.  See, e.g., Miranda v. Anderson Enterprises, Inc. (2015) [241] Cal.App.4th 196."

### D.   *Neotech Moves to Dismiss*

In May 2024, Neotech moved to dismiss the appeal, contending "[t]he one final judgment rule prevents Plaintiff from seeking appeal [*sic*] at this early point in the proceedings." Neotech argued the death knell doctrine did not apply because "[t]he Order granting the Motion to Strike did not dispose of the representative aspect of the case."  Neotech contended Jurado

---

[7] The court's minute order also stated it "adopts the tentative ruling as the Final Order of the Court."  No such tentative ruling appears in the appellate record.

5

"continues to assert a PAGA claim 'on behalf of herself and other current and former aggrieved employees of Defendant' " and "continues to seek 'civil penalties, interest, attorneys' fees and costs' individually and 'on behalf of the other current and former aggrieved employees.' " Specifically, "[i]n granting the Motion to Strike, the trial court noted that Defendant did not challenge the portion of the PAGA claim based on the failure to timely produce payroll records and personnel files." Therefore, Neotech concluded, the trial court's order "only served to limit the scope of the PAGA claim" and is unappealable.

Jurado opposed the motion, pointing out the "sole remaining predicate violation [regarding failure to timely produce her payroll records and personnel file] . . . was asserted only on behalf of Plaintiff, not other aggrieved current or former employees." She argued the death knell doctrine applied because "the minimal recovery available for Plaintiff's only remaining claim for failure to produce her employment records creates a substantial risk that no formal final judgment will ever be entered."[8]

In its reply, Neotech insisted a PAGA claim "is inherently representative in nature," and Jurado filed the claim "on behalf of herself and other current and former aggrieved employees of Defendant."

In June 2024, we deferred ruling on the motion.

---

[8] Jurado claimed Neotech's liability would be limited to: "a $750 fine for failure to timely produce Plaintiff's personnel file, and a $750 fine for failure to timely produce Plaintiff's payroll records."

6

## DISCUSSION

The death knell doctrine permits the appeal of an order that "(1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered." (*Baycol*, *supra*, 51 Cal.4th at p. 759.) "[T]he doctrine renders appealable only those orders that effectively terminate class claims but permit individual claims to continue." (*Id.* at p. 754.) However, "orders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell doctrine; only an order that entirely terminates class claims is appealable." (*Id.* at pp. 757–758.) "[T]he 'death knell' doctrine . . . applies to representative [PAGA] claims as well." (*Miranda v. Anderson Enterprises, Inc.*, *supra*, 241 Cal.App.4th at p. 199.)

"All PAGA actions are inherently representative . . . ." (*Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, 1007.) A PAGA plaintiff "assert[s] a PAGA claim based on violations that employees other than the plaintiff have suffered." (*Id.* at pp. 1007–1008.) Here, Jurado brought one cause of action for PAGA civil penalties, alleging seven categories of violations. The trial court struck six categories, leaving one remaining. Therefore, despite Jurado's protestations to the contrary, she still has a representative PAGA claim regarding the alleged payroll record and personnel file violation. Because the court's order served only to "limit the scope" of her PAGA claim, the death knell doctrine does not apply, and Jurado's appeal is barred by the one-judgment rule. (*Baycol*, *supra*, 51 Cal.4th at p. 756 ["Under the

7

one final judgment rule, ' "an appeal may be taken only from the final judgment in an entire action" ' "].)[9]

## DISPOSITION

Jurado's appeal is dismissed.  In the interests of justice, the parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED


M. KIM, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

---

[9] Jurado requests, in the alternative, that we "exercise [our] discretion to treat this appeal as a petition for writ of mandate." We decline to do so.